**UNITED STATES DISTRICT COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| ZACKERY ANGEL R., | Case No. 1:24-cv-00509-AKB-REP |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending is Plaintiff Zackery Angel R.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. § 405(g), 1383(c)(3). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Report and Recommendation.

## I. ADMINISTRATIVE PROCEEDINGS

On July 9, 2018, Plaintiff protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, alleging disability beginning May 3, 2001 (later amended to July 9, 2018). The claim was initially denied on October 25, 2018, and again on reconsideration on December 28, 2018. On June 17, 2021, Plaintiff appeared with his representative and testified at a hearing before Administrative Law Judge ("ALJ") David Willis. On November 24, 2021, ALJ Willis issued a decision finding Plaintiff not disabled. On December 9, 2021, Plaintiff requested Appeals Council review of ALJ Willis's decision. On September 20, 2022, the Appeals Council vacated ALJ Willis's unfavorable decision and remanded Plaintiff's case to an ALJ to address deficiencies in ALJ Willis's Step Five findings.

**REPORT AND RECOMMENDATION - 1**

On August 28, 2023, Plaintiff appeared with his representative and testified at a hearing before ALJ Luke Brennan.  On September 7, 2023, ALJ Brennan issued a decision denying Plaintiff's claim, finding that he was not disabled within the meaning of the Social Security Act.  Plaintiff timely requested review from the Appeals Council.  On September 9, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case.  He makes two claims: (i) ALJ Brennan's[1] decision is unsupported by substantial evidence because (a) there is no medical opinion or other evidence consistent with the ALJ's 10 percent off-task limitation, and relatedly (b) the ALJ's expectation that Plaintiff "would miss some days of work" is work preclusive when combined with the 10 percent off-task limitation; and (ii) the ALJ's residual functional capacity ("RFC") determination is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion of treating medical source, James Bruce, PhD.  Pl.'s Brief at 1, 4-13 (Dkt. 15).  Owing to the seven-year-duration of Plaintiff's appeal and the fully developed record, Plaintiff requests that the action be remanded for an award of benefits.  *Id*. at 8-9.

## II.  <u>STANDARD OF REVIEW</u>

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by

---

[1]  Unless otherwise stated, any references hereafter to "ALJ" refer to ALJ Brennan, not ALJ Willis.

**REPORT AND RECOMMENDATION - 2**

substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Treichler*, 775 F.3d at 1098.  Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051.  In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error.  *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015).  Considerable weight is

**REPORT AND RECOMMENDATION - 3**

given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). But despite such deference, the Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  REPORT

**A.    Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Plaintiff had not engaged in SGA since July 9, 2018, the application date. AR 17.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Here, the ALJ found that Plaintiff had the following severe medically determinable impairments: "seizure disorder (psychogenic pseudoseizures); anxiety disorder; depression; and posttraumatic stress disorder (PTSD)."  AR 17.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the ALJ concluded that Plaintiff's above-listed medically determinable impairments, while severe, did not

**REPORT AND RECOMMENDATION - 5**

meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments.  AR 17.

The fourth step requires the ALJ to determine whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is never able to climb ladders, ropes, or scaffolds, is never able to balance, is never able to work around hazards such as unprotected heights or moving machinery, and is never able to operate a motor vehicle.  The claimant is able to understand, remember, and carry out simple, routine tasks, is able to tolerate occasional interaction with supervisors and coworkers, should never have interactions directly with the general public, is able to adapt to occasional changes in the routine work setting, and is able to make simple work-related judgments.  The claimant is reasonably expected to be off task 10 percent of the workday on an unscheduled basis in addition to regularly scheduled work breaks.

AR 19.

**REPORT AND RECOMMENDATION - 6**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.  Here, Plaintiff had no past relevant work, but the ALJ found that Plaintiff could nonetheless perform the following three jobs: Hand Packager, Dish Washer, and Cleaner II.  AR 25-26.  Based on these findings, the ALJ concluded that Plaintiff was not under a disability at any time since July 9, 2018, the application date.  AR 26-27.

## B.    Analysis

Plaintiff challenges the ALJ's RFC on two grounds.  First, he argues that the ALJ erred by finding a "reasonable expectation" that Plaintiff would miss some days of work, yet failing to include any absenteeism limitation in the RFC or present a hypothetical to the vocational expert ("VE") that combined absenteeism with the assessed 10 percent off-task limitation.  Pl.'s Brief at 4-7 (Dkt. 15) (quoting AR 24).  Plaintiff contends that the combined effect of these limitations would be work-preclusive, and that the ALJ's failure to present this combined scenario to the VE requires remand.  *Id*. at 4-9.  Relatedly, he asserts that the 10 percent off-task limitation was results-oriented rather than evidence-based, noting that the ALJ adopted the precise maximum off-task tolerance identified by

**REPORT AND RECOMMENDATION - 7**

the VE without medical support for that specific percentage. *Id*. at 7-8. Second, Plaintiff argues that the ALJ improperly rejected the marked persistence and pace limitation assessed by consultative examiner James Bruce, Ph.D, without adequately addressing the regulatory factors of supportability and consistency. *Id*. at 9-13. Defendant responds that the RFC reasonably reflects the evidence, that no additional absenteeism limitation was supported, and that the ALJ properly evaluated Dr. Bruce's opinion. Def.'s Brief at 2-11 (Dkt. 17). Regardless, according to Defendant, remand for an immediate award of benefits is not appropriate. *Id*. at 12.

      1.      <u>The ALJ's Hypothetical to the VE Did Not Reflect Plaintiff's Limitations</u>

The ALJ found that Plaintiff "is reasonably expected to be off task 10 percent of the workday on an unscheduled basis in addition to regularly scheduled work breaks." AR 19. The ALJ further acknowledged that, given Plaintiff's postictal symptoms, "there is a reasonable expectation that [he] would miss some days of work," but concluded that the medical and other evidence did not support "sufficient frequency to support the assessment of excessive absenteeism, nor does it support off task behavior beyond the amount of time as assessed in this decision." AR 24. Thus, while the ALJ recognized both off-task behavior and some degree of anticipated absence, only the 10 percent off-task limitation was incorporated into the RFC and presented to the VE.

When an ALJ relies on VE testimony at Step 5, the sufficiency of that reliance turns on the accuracy of the hypothetical posed. If the ALJ's question to the VE inaccurately describes the claimant's true limitations, the testimony "has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."

**REPORT AND RECOMMENDATION - 8**

*Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *see also Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).  Conversely, when the hypothetical accurately reflects the claimant's limitations, the ALJ may ordinarily rely on the VE's testimony.  *Leach v. Kijakazi*, 70 F.4th 1251, 1254-55 (9th Cir. 2023).  The Court therefore must determine whether the hypotheticals presented here adequately captured the limitations the ALJ himself recognized.

In isolation, Plaintiff's argument that the RFC contains no limitations based on absences is not without some force, but is not particularly strong.  Although there is an implicit degree of tension between the ALJ's acknowledgement that Plaintiff "would miss some days of work" and the absence of a quantified absenteeism limitation in the RFC, the ALJ did not find a specific frequence of absences.  The phrase "some days" does not necessarily imply a rate of absenteeism approaching a vocationally significant threshold, and the ALJ expressly determined that the record did not support excessive absenteeism in any event.  AR 24.  The decision also points to objective findings and treatment history as undermining the alleged frequency and severity of seizures.  AR 21, 24.  Even if the RFC discussion is imperfectly articulated, it is not obviously unsupported by substantial evidence.

The more significant concern lies elsewhere.  The record reflects that the VE testified separately – at different times – regarding tolerance for off-task behavior and tolerance for absenteeism.  *Compare* AR 45-46 (ALJ asks the VE: "what is the maximum

**REPORT AND RECOMMENDATION - 9**

amount of consistent off-task behavior before unskilled work is going to fail?"),[2] *with* AR 60 (in response to Plaintiff's representative's question about absenteeism, VE stating: "I think generally employers will tolerate up to about one time per month.  If it's kind of happening on a repetitive and continuous basis and it's more than that, it's generally going to lead to termination, rule out work, from my experience.").  The ALJ subsequently incorporated the 10 percent off-task limitation into a hypothetical, but never posed a scenario combining that limitation with any quantified absenteeism.

Yet, the ALJ recognized *both* limitations in the decision.  *Compare* AR 19, *with* AR 24.  In analogous circumstances, courts have observed that "it is unclear from the record whether such limitations [(off-task limitation and absenteeism limitation)] when combined with one another, and the original RFC, would be tolerated by an employer or would cumulatively be disabling.  *Dennis H. v. Kijakazi*, 2022 WL 1844112, at *4 (E.D. Wash. 2022); *see also Michael S. v. Soc. Sec. Admin.*, 2023 WL 5934598, at *3 (D. Or. 2023) ("If combined, the two limitations [(being off-task 10 percent of the workday and absent one day per month)] established unemployability.  If the ALJ wanted to reject the vocational consultant's testimony, he had to express his intent to do so and explain how he had come to that conclusion.").  That uncertainty is present here.  Because both off-task behavior and some degree of absence were simultaneously acknowledged by the

---

[2]  Plaintiff contends that the 10 percent off-task limitation was results-oriented rather than evidence-based.  Pl.'s Brief at 7-8 (Dkt. 15).  The Court does not resolve that argument independently, but includes it among the issues to be reconsidered on remand, as necessary.

**REPORT AND RECOMMENDATION - 10**

ALJ, but not presented to the VE in tandem, the Court cannot confidently conclude that the Step Five finding rests on a complete hypothetical.[3]

To be clear, the Court does not suggest that the combined limitations necessarily render Plaintiff disabled. Rather, the present record leaves unresolved whether a quantifiable absenteeism limitation is supported and, if so, how that limitation would interact with the assessed off-task restriction in the vocational context. That uncertainty should be resolved before a definitive determination regarding disability is made.

Accordingly, while Plaintiff has not demonstrated that the RFC is facially deficient for failing to specify an absenteeism rate, the absence of a combined hypothetical leaves unresolved whether a quantifiable absenteeism limitation is supported and, if so, whether the combined effect of that limitation with the 10 percent off-task restriction would preclude competitive employment. Given this unsettled record, the undersigned recommends that the Court remand for clarification of the RFC and for presentation of a complete hypothetical to a vocational expert.[4]

---

[3] Regarding the interplay between the off-task limitation and absenteeism limitation, Plaintiff additionally argues that it is "logically intuitive" that *any* absence necessarily increases off-task time beyond the 10 percent threshold. Pl.'s Brief at 6 (Dkt. 15); Pl.'s Reply Brief at 6 (Dkt. 18). The Court need not resolve that mathematical framing here. It suffices to note that off-task behavior – generally measured during work hours – and absenteeism – typically treated as a separate vocational concept – appear to function as analytically distinct tolerances in vocational testimony. Questions in this respect should be resolved on remand.

[4] Having found that remand is warranted on this issue, the undersigned declines to address Plaintiff's remaining issue. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other

**REPORT AND RECOMMENDATION - 11**

2.      Remand Is the Proper Remedy

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). The proper course turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, namely when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id*. at 1100. In most cases, however, remand for additional investigation or explanation is preferred. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, the ALJ failed to present the VE with a hypothetical that accounted for both the assessed 10 percent off-task limitation and the ALJ's acknowledged expectation that Plaintiff would miss some days of work. This left unresolved whether the combined effect of those limitations would preclude competitive employment. The undersigned recommends that the Court remand the case for the ALJ to resolve this and any other related issues.

## IV.  RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the Plaintiff's Complaint (Dkt. 1) be GRANTED and the decision of the Commissioner be REVERSED

---

claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.').

**REPORT AND RECOMMENDATION - 12**

and REMANDED for further proceedings consistent with this Report and Recommendation.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages … within fourteen (14) days …, unless the magistrate or district judge sets a different period."  Additionally, the other party "may serve and file a response, not to exceed twenty pages, to another party's objections within fourteen (14) days after being served with a copy thereof."



DATED:  March 6, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 13**